# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:12-CV-03195-MDH |
| ) | |
| JAMAL LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 106). The Magistrate Judge recommends that Plaintiff's Motion for Revocation of Conditional Release (Doc. 88) be granted, that the Court's Order of Conditional Release (Doc. 80) be revoked, and that Defendant be remanded to the custody of the Attorney General for further hospitalization and treatment pursuant to 18 U.S.C. § 4246.

Defendant was committed to the custody of the attorney general under § 4246 on October 2, 2012. (Doc. 16). He was conditionally released for the fourth time on May 17, 2017 (Doc. 80). On February 6, 2019, Plaintiff moved for an order revoking his conditional release after Defendant violated the terms of his release by refusing treatment and using drugs. (Doc. 88). In support of its Motion, Plaintiff cites to its Notice of Violation and Request for Warrant, wherein a probation officer stated under oath that Defendant had violated the terms of his conditional release by (1) failing to comply with orders to submit to a drug test; (2) submitting a urine sample which tested for marijuana; (3) refusing to sign waivers of confidentiality to allow the USPO to examine his medical record; (4) failing to attend appointments at his mental health treatment facility; and (5) failing to take his prescribed medication (Doc. 81-1 at 3-5).

Since being returned to the USMCFP on December 13, 2018, Defendant has been evaluated by a Risk Assessment Panel (87-1) and by Christina Pietz, Ph.D., an independent forensic psychologist. (Doc. 100). Both the Panel and Dr. Pietz diagnosed Defendant and schizophrenia and recommended his commitment under § 4246, concluding that his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another due to mental illness.

On July 16, 2019, the Magistrate Judge held a hearing on Plaintiff's Motion. (Doc. 104). At the hearing, Defendant disputed his diagnosis of schizophrenia, stated he did not think he was a danger to others or that he would steal anyone's property, and that he felt he was alright as long as he was on the right medication. (Doc. 105 at 20-21).

Defendant filed exceptions to the Report and Recommendation of the Magistrate Judge. (Doc. 107). Defendant specifically argued that the evidence presented at the hearing was not enough to establish that he violated the terms of his release, that his release would not create a substantial risk of bodily injury to another person or serious damage to the property of another, and that he was not committable under § 4246. *Id.*

The Court has carefully reviewed the record and all of the evidence in this case. The Court notes that the Defendant's testimony is at odds with the overwhelming weight of the evidence in this case, including Defendant's own past behavior and the conclusions of both the Risk Assessment Panel and the independent forensic psychologist. The Court finds that a preponderance of the evidence supports the Magistrate Judge's conclusion that the Defendant violated the terms of his release. The Court further finds by a preponderance of the evidence that, in light of Defendant' failure to comply with the conditions of his release, his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of

another. Consequently, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **REJECTS** Defendant's Exceptions. The Court **GRANTS** Plaintiff's Motion for Revocation of Conditional Release and orders that the Defendant be committed to the custody of the attorney general for hospitalization and treatment in a suitable facility under 18 U.S.C. § 4246(f). The Conditional Release Order entered by this Court on May 17, 2017, is **REVOKED**.

**IT IS SO ORDERED**.

DATED: August 29, 2019

                                         */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**